## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| RADLEY BRADFORD, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | Case No.    4:20-cv-01871 |
| v. | |
| CAPITAL ONE, N.A., | |
| Defendant. | |

## CLASS ACTION COMPLAINT

**NOW COMES** RADLEY BRADFORD, individually, and on behalf of all others similarly situated, through his undersigned counsel, complaining of CAPITAL ONE, N.A., as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

2.      The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4.      This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

5.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6.      RADLEY BRADFORD ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Houston, Texas.

7.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8.      Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

9.      CAPITAL ONE, N.A. ("Defendant") is a corporation organized under the laws of the State of Delaware.

10.     Defendant is a nationally recognized banking institution that issues loans and credit cards to consumers nationwide.

11.     Defendant's principal place of business is located at 1680 Capital One Drive, McLean, Virginia 22102.

12.     Defendant is a "person" as defined by 47 U.S.C. § 153(39).

13.     Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

13.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 7679.

14.     At all times relevant, Plaintiff's number ending in 7679 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

15.     At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

16.     Plaintiff applied for and was issued a credit card from Defendant.

17.     Plaintiff made some charges to the credit card for personal use.

18.     Due to an unanticipated financial hardship, Plaintiff fell behind on his payments to Defendant ("subject debt").

19.     On May 12, 2020, Defendant placed a collection call to Plaintiff.

20.     Plaintiff did not answer Defendant's phone call and let the call go to his voicemail.

21.     Defendant left Plaintiff a prerecorded voicemail requesting a call back.

22.     Plaintiff called Defendant back and spoke to a live representative.

23.     During this call, Defendant's representative demanded payment on the subject debt.

24.      In response, Plaintiff advised Defendant's representative that he was in the process of filing bankruptcy and provided his bankruptcy attorney's contact information.

25.     In light of his imminent bankruptcy filing, Plaintiff requested that Defendant cease its collection calls and terminated the call shortly thereafter.

26.     Despite Plaintiff's request that the collection calls cease on May 12, 2020, Defendant continued placing collection calls to Plaintiff's cellular phone and leaving prerecorded messages.

27.     On May 20, 2020, frustrated with the continuous phone calls, Plaintiff called Defendant and spoke to "Juan" with an internal identification number of SWL714.

28.     Plaintiff explained to "Juan" that he had previously requested that Defendant cease its collection calls as he was filing for bankruptcy.

3

29.     Plaintiff again provided his bankruptcy counsel's information and requested that Defendant stop contacting him.

30.     In response, Juan advised Plaintiff that Defendant can and will continue placing collection calls until Plaintiff files his bankruptcy.

31.     True to its word, Defendant continued placing collection calls to Plaintiff and leaving prerecorded messages on Plaintiff's cellular phone.

32.     Most of Defendant's prerecorded messages stated: "We're trying to reach you regarding an important business matter… Please return this call 1-800-955-6600… thank you."

33.     In total, Defendant placed no less than twenty (20) prerecorded phone calls to Plaintiff's cellular phone number ending in 7679 from May 12, 2020 through the present.

34.     Defendant's harassing phone calls have disrupted Plaintiff's daily life and general well-being.

35.     Defendant's unlawful collection calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

36.     Moreover, each time Defendant placed a collection call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

4

37.     Due to Defendant's refusal to comply with Plaintiff's requests that the calls cease, Plaintiff was forced to retain counsel to compel the phone calls to cease.

## CLASS ALLEGATIONS

38.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

39.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons within the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) after he/she requested that Defendant cease calls to his/her cellular telephone number; (5) within the four years preceding the date of this complaint through the date of class certification.

40.     The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

## A.     Numerosity

41.     Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

42.     The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

43.     The members of the Putative Class are ascertainable because the class is defined by reference to objective criteria.

44.     The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.      Commonality and Predominance**

45.     There are many questions of law and fact common to the claims of Plaintiff and members of the Putative Class.

46.     Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.      Typicality**

47.     Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class were harmed by Defendant's conduct and thus are entitled to damages as result of Defendant's conduct.

**D.      Superiority and Manageability**

48.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

49.     The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

50.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

51.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.      Adequate Representation**

52.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

53.     Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

54.     Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
**(Plaintiff and the Members of the Putative Class)**

55.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

56.     Defendant placed or caused to be placed no less than twenty (20) non-emergency calls, from May 12, 2020 through the present, to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

57.     As pled above, Defendant used an artificial or prerecorded voice that automatically played upon Plaintiff answering Defendant's phone call or the call reaching Plaintiff's voicemail.

58.     Upon information and belief, Defendant does not maintain an effective system to process and honor consumer cease requests.

59.     Specifically, as pled above, Defendant ignored Plaintiff's multiple requests that the collection calls cease.

60.     As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

61.     Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff and the members of the Putative Class.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Putative Class, requests the following relief:

A.     an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B.     an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

C.     an order enjoining Defendant from placing further violating collection calls to consumers;

D.     an award  of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E.     an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

F.     an award of such other relief as this Court deems just and proper.

**COUNT II**
**Violations of the Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq*.)**
**(Plaintiff individually)**

62.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

63.     Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

8

(4)    causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

64.    Defendant violated Tex. Fin. Code Ann. § 392.302(4) by placing harassing collection calls to Plaintiff's cellular phone after Plaintiff requested that the collection cease on multiple occasions.

65.    Plaintiff was harassed and abused by Defendant's collection calls.

66.    As pled above, Plaintiff was harmed by Defendant's collection calls.

**WHEREFORE**, Plaintiff requests the following relief:

A.    an order finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B.    an order enjoining Defendant from placing further collection calls  pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C.    an award of actual damages in an amount to be determined by the jury pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D.    an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E.    an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: May 28, 2020

Respectfully submitted,

**RADLEY BRADFORD**

By: */s/ Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
Joseph S. Davidson, Esq.
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com

10